Sony Electronics v. Guardian Media Mr. Grisalfi Good afternoon. The District Court erred as a matter of law in granting Guardian's motion to dismiss the appellant's consolidated actions below for lack of subject matter jurisdiction. The District Court failed to recognize that As a matter of law? As a matter of law, Your Honor. Rather than as a matter of discretion? As a matter of law. There were two parts to the District Court's ruling, Your Honor. One was on the jurisdictional question itself and then the Court also found that even if there were jurisdiction it would exercise its discretion to decline the case. So it's our position that the District Court, though erred as a matter of law in failing to recognize that an express charge of infringement of an ongoing activity alone creates an actual controversy in the Declaratory Judgment Act sufficient to support jurisdiction. Does MedImmune have any effect on this case? I think it does, Your Honor. I think what the MedImmune case does is it lowers the jurisdictional bar in this case. But we believe that we have jurisdiction even under the Court's two-part jurisdictional test. But in MedImmune, the Supreme Court specifically went out of its way to tell us it didn't like our two-part test, didn't it? That's true, Your Honor. The Court did. And I think in MedImmune, the Court backed up and basically what it's talking about in the new MedImmune decision is we're left with, you need a substantial controversy between parties having adverse legal interests and the controversy has to be a sufficient immediacy and reality to give jurisdiction. And that's the test that we're left with for MedImmune. But I still think that this Court's two-part test, if it is met, in fact, there will be jurisdiction. I think if the two-part test is not met, I think there's still... The question is, do we look at the two-part test at all after MedImmune? Is there a Supreme Court telling us, in effect, no more special tests in patent litigation? Declaratory judgments are declaratory judgments no matter what the subject. And you apply the general standard that a district court would apply in any declaratory judgment action if it was a dispute over real property. The same standard, the same basic standard should be applied. Your Honor, they very well may be doing that. And I think that I'm prepared today to talk about the more general standard and I think we certainly need jurisdiction under that because I think this Court's two-part test and in particular the reasonable apprehension prong of that test is a harsher standard. It's a more stringent standard. But I think below, the district court even erred on that harsher standard. Before time runs out, let me just move you. Let's assume, for the sake of this question, that we agree with you on the jurisdiction issue. And let's assume, for the sake of this question, that we also agree that at least a number of the criteria the district court used to say that even if he had jurisdiction, he would not exercise his discretion, like this is a closed case, are also incorrect. You're still left, are you not, with at least the comments made by the district court on the re-exam and certain aspects of the litigation that would warrant at a minimum, would they not, our sending it back for a remand or remanding it back to the court to reconsider on the discretionary prong. Your Honor, if you're asking me do I think we should remand the case, based on the comments on the re-examination, I would say no. Because this is a case where you have clearly had jurisdiction under Article 3 and under the Declaratory Judgment Act. The idea that the district court looked at the fact that we filed a re-examination as delaying something that was inconsistent with the Declaratory Judgment Act is wrong. It's not inconsistent at all. I think what we were looking for is to secure a convenient forum for the witnesses, etc. And at the same time, filing a re-examination so we can have a logical stage proceeding here. Why is it clearly unreasonable when you all went in for a re-exam and if one of the things we look at in a declaratory judgment is to alleviate the uncertainty as to your legal rights, and then you go in for a declaratory judgment and then want to stay it indefinitely, why isn't that at least a factor that we ought to let the district court consider? Why is that an improper factor for the district court to consider? Because, Your Honor, I do not think it overrides the clear factor that we have jurisdiction. We had clear charges of infringement below putting us in apprehension. Yeah, but the infringement charge was brought by, what's his name, Mr. Vogel, is that right? That's correct. And the litigant is not Mr. Vogel, it's Guardian. We don't know what the relationship is between Mr. Vogel and Guardian, do we? Your Honor, we don't, but we can surmise that the fact that he sold the patents for $20 that clearly he has an interest in this case. What he may have done is sold the patents for a nominal amount and may have some understanding that he'll get a percentage of anything they can recover either under license or under litigation. That's correct, Your Honor. So I think he does have an interest in the case, but even so, under the court's precedence, I think that Guardian needs to be charged with the conduct of its predecessors. This has been done... Are there any cases which say that a successor in this situation is charged with respect to a claim of infringement, that the claim of infringement made by the predecessor must be attributed to the successor? I'm not talking about generally. Generally, successors have to take over what they got, but this particular... I mention it because it was, what, almost about six years between the time that you filed your declaratory judgment suits and the time when this charge was made. Your Honor, I think it was roughly four years, but there are several cases, I think, that bear this, and we've cited them in our briefs. We have the electromechanical case, and there it was actually a case of reasonable apprehension, and the district court charged that the activities of the predecessor were, in fact, attributable in that case going forward. So there is a clear case in terms of reasonable apprehension, and it's also been done in the context of latches and in the context of estoppel. You have the Eastman-Kodak case and the Dymo case, and they're all cited in our briefs. So clearly, Your Honor, you do attribute the conduct to the predecessor, because if you didn't do that, it would be like wiping the slate clean, and you would start over. Let me make sure that I understand what you're not arguing. You're not saying that after Guardian acquired the patents and an officer of Guardian undertook the licensing negotiations and the various conversations, you're not saying that some more relaxed standard that might follow from MedImmune applies to those conversations? Your Honor, I think the facts we have here is the early, the 1999 predecessor letters were clear charges of infringement. Several years did go by, but I think when Guardian got a hold of the patent, they renewed those charges of infringement by providing claim charts that matched up specific claims to specific products. And we think this renewal of the charges clearly raised a reasonable apprehension under the two-part test. So we think that we have jurisdiction over that. You said they had claim charges. I assume if suddenly I'm informed by someone that they think I'm infringing their patent, the first thing I want to know is, what are you talking about? Show me. What are your patents? What does the language of your patent say? And in which ways do you think my product infringes it? Now is that enough to show a threat of infringement, of suit? A claim of infringement? Clearly, under the facts of this case, the answer to that is yes. In 1999, we had Guardian's predecessor write us two letters, and in both letters they say, you infringe our patent, you infringe this claim with respect to this product, and this claim with respect to this product. They provided claim charts. They made these accusations in 1999. We told them your patents were invalid, and we thought they went away. Then they sold their patents to this patent-holding company, whose sole purpose is to go out and assert these patents. And they came back and they said, here it is again, and it's the same claim chart. It's the same matching up of the claims and the products. Of course we were going to believe we were subject to suit. This happens all the time. In fact, I recall being here at an appeal in another V-CHIP case, with the Soundview case, where we had a litigation with these patent-holding companies that had bought these V-CHIP patents. We thought we were going to get sued. There's no question about it. And clearly there's jurisdiction in this case under the two-part test, and also under the Supreme Court's guidance in MetaMun with respect to there being a substantial controversy. In other words, you're saying that even if we were to just take the sending of the claim charts by Guardian in 2006, that ought to constitute a charge of infringement? Yes, in light of the circumstances of this case, absolutely. Can I just take you back to the discretionary issue that I was speaking of? It seemed to me, and maybe I misunderstood, that part of your answer to my question about discretion was the court had jurisdiction. But the two are separate, are they not? And under MetaMun, even with the Supreme Court ruling as it did on the jurisdictional question, it still said, well, wait, we've still got this remaining inquiry with respect to the court's discretion, and we're going to send it back for the court to consider. So you agree with that, right? Yes, I do. Okay, so the question does remain that in and of itself is the re-exam issue at least a reasonable factor for the judge to consider. Your briefs, I think, dealt with a lot of the other factors that he considered. Clearly, at the juncture which he looked at the case, it wasn't his number one factor. It was like number five on the list. Correct. But why wouldn't we be obligated to at least send it back to the judge to see what his view is of that or maybe other factors that haven't come to light yet? Well, Your Honor, I think reading the district court's decision, there were two primary reasons the court retched. One was, as Your Honor mentioned, that it was a close case. Well, clearly, in our view, it wasn't a close case because the district court made an error of law. The district court did not recognize that a charge of infringement at least under the court's more stringent two-part test was in fact sufficient to meet the reasonable apprehension problem. The court clearly didn't understand that. That was evident from the hearing below and it's evident in the opinion. The second reason, the second primary reason the district court gave was because the court thought that the appellants were engaged in a litigation strategy that for commercial purposes that it said was aimed at gaining an advantage, a tactical advantage in licensing negotiations. And clearly the record doesn't support that at all. There's nothing in this record to show that the appellants did anything that was improper. And with respect to this idea... No, but I'm asking you explicitly. And the court did. I mean, he may have not said it's number one or number two, but the court clearly relied at least in part on the fact that you come in, you want to DJ, and then immediately you ask for a stay so you can go to the re-exam. Your Honor, I think the court could reconsider that again, but I just think in the facts of this record, if that's the only fact that we're back up here before this court, I think it would be an abuse of discretion. That was all that the court relied on. Let me ask you a somewhat related but different question. Let us assume for the sake of argument that we conclude that under metamune we have a different standard now for determining declaratory judgment jurisdiction. Why isn't it the appropriate step for us instead of trying to decide who's right under the new standard to send it back to the district court in the first instance to apply the new standard? Your Honor, I think the court could in fact do that, but I think... Well, yeah, we could, but my question is why isn't that the appropriate... When a new standard is announced, normally what the appellate court does is send it back to the trial court to reconsider the case under the new standard. Your Honor, I'm not going to resist the court thinking that it's appropriate to send it back. It could very well be appropriate to remand the case. But is your view of metamune clearly anything that would have been appropriate for jurisdiction in the pre-metamune situation is also still appropriate for jurisdiction under metamune? In other words, metamune expanded but in no way contracted. Is that your view of the state of the law? It is, Your Honor. Because if that's true, then I thought your answer might be that if our view is that you would have had... the court should have had jurisdiction under the pre-metamune standard, our inquiry could end there. Is that your view? It is my view, Your Honor, because I do think that the court's two-part test is a more stringent standard than what the Supreme Court seems to be saying in the metamune case. And I think there's no question about it that we have met the court's traditional two-part test in this case. And I think we also have met the Supreme Court's standard with respect to being a substantial controversy between parties having adverse legal interests with sufficient immediacy in reality. I think we've met that as well. So if, in fact, on whatever basis we were to think that the court had jurisdiction, you still have an outstanding motion for a stay. Is that right? That's correct, Your Honor. Is the re-examination proceeding? Did the office agree to re-examine? On March of 1996, the patent office found that all claims that were asserted were invalid, or unpatentable. And that's the current state of the re-examination. Is that challengeable? I'm just curious. Is that challengeable before the Board of Appeals and the patent office, or is that the end of it? No, no. It's certainly challengeable before the Board of Appeals. And the patent expires next year? 2008, which is another reason why the court may not want to remand. Okay, let's hear from the other side of the confederate. We'll save you rebuttal time. Thank you. We'll run over. Okay, Mr. Stanley. I'm pleased to court. First, I'll address Metamune. Metamune does not change its court's jurisprudence with respect to the two-part test at all. The only thing Metamune held was that payments made under an existing license after there's been an express threat of patent litigation to enjoin the patent, or to enjoin the party and to award the patent. And that's the only limit. Under this court's jurisprudence, you wouldn't even reach the reasonable apprehension of suit test because this court's jurisprudence says if there's an express threat of patent litigation, that's the end of the inquiry. But you say that's all that Metamune decided. What about footnote 11 where the court, it seems to me, went out of its way to tell us that there's an existing license contract and two  express threat of patent litigation. No, but I'm talking about not about what the holding in Metamune was. Sure, it's     can we? I think this is important because, you know, the Supreme Court did not say that there was an existing license contract. Because I think if you think Metamune changed the law, I probably need 12 of you because I don't think it changed the law at all. I think it's fully consistent with your existing precedent. If you look at the cases cited in the footnote, they are contract cases. The Etna case is a case where there's a dispute under an existing insurance contract about whether the party was disabled. The party quit paying premiums because under the contract if he was disabled he quit paying premiums. The juror came to the court and said, well, I want to know whether I have to reserve life insurance payments if this fellow dies. I think his contract is flat. How do you deal with the first sentence of footnote 11, which says even if Alquarter could be distinguished as an injunction case, it would still contradict the federal circuit's reasonable apprehension of suit tests or in its evolved form the reasonable apprehension of imminent suit tests citing TEVA against Pfizer. It seems to me what the court is saying is we're deciding  Metal Labune the question of a license. But while we're at it we're going to tell you federal circuit, you got it wrong in those other cases as well. That's what it seems to me to be saying and it is somewhat unusual for the Supreme Court to go out of its way and write a footnote telling the Court of Appeals that it was wrong on an issue not directly presented in the case. If you go back to the Genpro patent litigation you would never reach the reasonable apprehension suit test. And all the Supreme Court held in that case was is that the acts of the party in paying payments under coercion doesn't eliminate the threat of litigation which is more than an apprehension suit but an express apprehension  So what you're arguing is that the Supreme Court was wrong in what it said in footnote 11. I'll try one more time. The Supreme Court seems to say one thing in footnote 11 and you say but it really wasn't necessary and there are cases that sites don't support it so therefore we should sort of ignore it. No. The Supreme Court reversed you on the proposition that if you're paying royalties under a contract that eliminates the apprehension suit. And that's not true and certainly in this case if the appellants had accepted your offer for a license your view wouldn't be therefore you're subject to a DJ action. If they filed a DJ action after they entered a license then we would be left with questions aren't this case                            ? ? ?